# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | In Chapter 7 |
| STEVEN D. ZARLING, | Case No. 18-bk-35437 |
| | Honorable LaShonda Hunt |
| Debtor. | |
| | |
| LINDA NELSON, | |
| | Adv. Case No. |
| Plaintiff, | |
| v. | |
| STEVEN D. ZARLING, | |
| Defendant. | |

## ADVERSARY COMPLAINT OBJECTING TO DISCHARGE

Plaintiff/Creditor, LINDA NELSON, by and through her attorneys, Robert R. Benjamin, Beverly A. Berneman and Anthony J. D'Agostino of GOLAN CHRISTIE TAGLIA LLP, brings this adversary complaint to bar Debtor/Defendant, STEVEN D. ZARLING's discharge, in accordance with the provisions of section 727 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J), and (O).

## FACTUAL AND PROCEDURAL BACKGROUND

4. Linda Nelson ("Ms. Nelson") filed suit against Debtor, Steven D. Zarling ("Debtor") in the Circuit Court of Cook County, State of Illinois, under Case No. 08 M3 3165. On September 29, 2008, an Agreed Judgment Order was entered against Debtor and in favor of Ms. Nelson in the amount of $32,095.80 (the "Judgment").

5. Post-Judgment enforcement proceedings were continued from time to time until December 26, 2018, when Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code ("Petition") as an individual.

6. Debtor filed Schedules and Statement of Financial Affairs on December 26, 2018. [Dkt. No. 1.][1]

7. Debtor resides at 1617 Greenwood Ave., Hanover Park, Illinois, a property owned by Debtor's mother, Jeannine Zarling (the "Hanover Park Property"). [Dkt. No. 1.] Debtor resides with Jeannine Zarling ("Jeannine") and his brother, Gary Zarling ("Gary").

8. Debtor disclosed that he pays $370.00 per month in rent to Jeannine. [Dkt. No. 1.]

9. Debtor disclosed no legal or equitable interest in any watercraft or other recreational vehicles. Id.

10. Debtor stated that he does not own jewelry, including watches. *Id*.

---

[1] Docket references are made to Debtor's underlying Bankruptcy Case, In re: Zarling, Case No. 18 B 35437.

11. After Debtor's initial Section 341 Meeting of Creditors (the "341 Meeting") on January 29, 2019, Debtor filed Amended Bankruptcy Schedules on February 6, 2019 disclosing a February 2018 workers' compensation settlement in the amount of $39,810.82 (the "Settlement Funds"). [Dkt. No. 12.]

12. Debtor disclosed a transfer of the Settlement Funds on or around February 2018 to an individual purporting to be Debtor's brother, "George Zarling." [Dkt. No. 13.]

13. On information and belief, Debtor does not have a brother named George Zarling. Debtor's brother's name is Gary.

14. Debtor disclosed no other source of income other than Social Security, SNAP and AABD. [Dkt. No. 13.]

15. On June 7, 2019, Ms. Nelson issued a Subpoena for Rule 2004 Examination to the Debtor requiring the production of documents on or before July 1, 2019 and setting an examination date of July 8, 2019 (the "Subpoena"). The Subpoena included requests for the following:

> a. Any and all bank statements for personal and/or business checking and savings accounts, or any other type of financial or investment accounts, in which Debtor, jointly or individually, currently holds, or previously held, any legal, equitable, controlling, or beneficial interests, beginning on January 1, 2015 through the present date;
>
> b. All writings, pay advices, check stubs and other documents which evidence, refer to, reflect or otherwise relate to any and all income earned or received from all sources, and all documents regarding the sources of such income earned or received for the period of January 1, 2015 through the present;
>
> c. Any and all documents which evidence, refer to, reflect or otherwise relate to the ownership or other interest in any automobile, truck, boat, airplane or other vehicle of any kind owned or operated by Debtor, including but not limited to all certificates of title, purchase documents, financing documents, sale documents, appraisals, permits, stickers, registrations or applications related to use, docking or storage beginning with January 1, 2014;

    d. Any and all documents related to the workers' compensation settlement disclosed on Debtor's Amended Schedules dated February 6, 2019; and

    e. Any and all documents related to the transfer of funds to George Zarling disclosed on Debtor's Amended Statement of Financial Affairs dated February 6, 2019.

16. On July 2, 2019, Debtor produced responsive documents to Ms. Nelson.

17. Debtor's records revealed the receipt of three (3) checks payable to Debtor, totaling $39,810.82 (the "WC Checks").

18. Debtor's bank statements do not reflect the deposit of the WC Checks. Nor do Debtor's bank statements reflect any transfer of the Settlement Funds in or around February 2018.

19. However, Debtor's bank statements do reflect undisclosed income from an unknown source, including the following deposits within the year prior to Debtor's Petition totaling $8,965.71 (the "Undisclosed Income"):

| DATE | AMOUNT | DATE | AMOUNT |
| --- | --- | --- | --- |
| 12/28/2017 | $300.00 | 7/9/2018 | $1,000.00 |
| 1/29/2018 | $400.00 | 8/1/2018 | $445.00 |
| 2/5/2018 | $420.66 | 8/30/2018 | $220.00 |
| 3/1/2018 | $450.00 | 10/1/2018 | $470.00 |
| 3/22/2018 | $2,000.00 | 10/18/2018 | $500.05 |
| 4/25/2018 | $1,460.00 | 11/30/2018 | $500.00 |
| 6/15/2018 | $400.00 | 12/13/2018 | $400.00 |

20. The Undisclosed Income is not reported on Debtor's Schedules or Statement of Financial Affairs.

21. On October 25, 2019, Debtor sat for a Rule 2004 examination (the "Examination").

22. Debtor confirmed that none of the income in Debtor's bank account belongs to Jeannine or any other person.

4

23. Debtor demonstrated an inability to justify his expenses, explain business transactions or accurately describe his financial condition. For example, he could not consistently explain how he paid rent, to whom he paid rent, the amount that he paid, or how the rental amount was determined.

24. Debtor appeared for the Examination while wearing a watch. Debtor explained that he was not aware that he was wearing a watch. Then, Debtor explained that the watch belongs to Gary and that it was stolen. Finally, Debtor explained that Gary collects watches, that Debtor has bought several watches for Gary, but that Gary does not wear watches.

25. Debtor was presented with an online posting that was captioned "Santa's workshop in progress…. Shhhhhhh !!!" (the "Christmas Posting"). A copy of the Christmas Posting is attached hereto as **Exhibit A**.

26. On information and belief the Christmas Posting contained several gifts purchased by Debtor. Debtor explained that the boxes in the online posting were merely empty boxes – not gifts.

27. Debtor recognized the Christmas Posting and acknowledged making the Posting.

28. The Christmas Posting was made on December 21, 2018 – five (5) days prior to the date of Debtor's Petition.

29. At the Examination, Debtor was also presented with online postings wherein Debtor disclosed receiving the new title, registration and permitting stickers to a boat (the "Boat"). Debtor posted, in September 2017, that "after 3 years of a total gutting and rebuild of the boat" he was out on the Fox River the same day that he "received the renewal for the 2018 Seasons' Illinois boat stickers, Fox River & Chain O' Lakes stickers, and trailer plate stickers. He also posted regarding the installation of a stereo and speakers, the disassembly of  trailer for

the Boat and sanding to remove old paint and rust under the Boat (collectively, the "Boat Postings"). Copies of the Boat Postings are attached as **Group Exhibit B**.

30. Debtor recognized the Boat Postings and acknowledged making the Postings.

31. Debtor further explained that the Boat does not belong to him, but rather to his nephew, Joseph Weise, a resident of Wisconsin.

32. On information and belief, all permits, title and registration for the Boat and trailer are in the name of Mr. Weise and sent to the Hanover Park Property.

33. On information and belief, Debtor pays all permit, title and registration fees for the Boat and trailer, the Boat and trailer are in Debtor's possession, and Debtor performed the restoration of the Boat and trailer for no charge.

34. After the Examination, Debtor produced record of a deposit slip showing the deposit of the WC Checks by Gary on March 5, 2018. However, Debtor has failed to offer any proof of his indebtedness to Gary, any documentation regarding loans from or obligations to Gary, or any other payments to or from Gary.

35. Debtor has also failed to adequately explain or offer any documentation regarding the Undisclosed Income.

## COUNT I – 11 U.S.C. § 727(a)(2)

36. Ms. Nelson restates and realleges those allegations set forth in paragraphs 1-35 herein as though fully set forth herein.

37. On information and belief, Debtor attempted to conceal the true recipient of the Settlement Funds, as Debtor's brother is not named George Zarling.

38. At all times relevant hereto, Debtor knew the recipient of the Settlement Funds was Gary.

39. Debtor's filings, under oath, intended to delay or defraud creditors by, first, failing to disclose the Settlement Funds and then, second, providing the name of a fictitious recipient of the Settlement Funds.

WHEREFORE, Creditor, LINDA NELSON, respectfully requests that pursuant to 11 U.S.C. § 727(a)(2), Debtor's discharge should be denied.

### COUNT III – 11 U.S.C. § 727(a)(3)

40. Ms. Nelson restates and realleges those allegations set forth in paragraphs 1-36 herein as though fully set forth herein.

41. Debtor failed to disclose the true recipient of the Settlement Funds, and provided the name of a fictitious person as the recipient of the Settlement Funds in his pleadings.

42. Debtor has demonstrated an inability to produce records related to his transfer of the Settlement Funds and the reason for the transfer. To date, Debtor has only produced a deposit slip showing that the WC Checks were deposited by Gary Zarling.

43. Debtor failed to disclose his legal and/or equitable interest in the Boat despite possession of the Boat and making payment for title, registration and permitting stickers to the Boat within the year prior to filing his Petition.

44. Debtor failed to disclose his receipt of the Undisclosed Income.

45. Debtor's failure to keep or preserve records or offer an explanation for these transactions prevents creditors from ascertaining Debtor's financial condition.

WHEREFORE, Creditor, LINDA NELSON, respectfully requests that pursuant to 11 U.S.C. § 727(a)(3), Debtor's discharge should be denied.

## **COUNT IV – 11 U.S.C. § 727(a)(4)**

46. Ms. Nelson restates and realleges those allegations set forth in paragraphs 1-36 herein as though fully set forth herein.

47. At the Examination, Debtor confirmed his understanding that his Bankruptcy Schedules and Statement of Financial Affairs were submitted under penalty of perjury.

48. Debtor stated no in response to whether Debtor owns, leases, or has a legal or equitable interest in a watercraft or trailer.

49. Debtor stated no in response to whether Debtor holds or controls any property that someone else owns.

50. Debtor stated that he does not own any jewelry.

51. Debtor stated that his only sources of income are Social Security, SNAP and AABD.

52. Debtor stated that he transferred the Settlement Funds to "George Zarling" in his Amended Statement of Financial Affairs.

53. Debtor stated that he has made no gifts with a total value of more than $600.00 to any one person within 2 years of filing this Bankruptcy Case.

54. Those statements were false.

55. Debtor knew those statements were false.

56. Debtor made those false statements to conceal the fact that he possesses a legal or equitable interest in the Boat and/or trailer, owns at least one watch, receives Undisclosed Income, has made gifts in excess of $600.00 and that the transfer of the Settlement Funds was fraudulent.

57. By reason of the foregoing, Defendant's discharge should be barred pursuant to Section 727(a)(4) of the Bankruptcy Code.

WHEREFORE, Creditor, LINDA NELSON, respectfully requests that pursuant to 11 U.S.C. § 727(a)(4), Debtor's discharge should be denied.

Dated: November 15, 2019    LINDA NELSON,

Robert R. Benjamin (ARDC #0170429)
Beverly A. Berneman (ARDC # 6189418)
Anthony J. D'Agostino (ARDC # 6299589)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Linda Nelson
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
baberneman@gct.law
ajdagostino@gct.law

By: */s/ Robert R. Benjamin*
    One of her attorneys