# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | |
| STEVEN D. ZARLING, | ) | Case No. 18-bk-35437 |
| | ) | |
| Debtor. | ) | Honorable David D. Cleary |
| | ) | |
| | ) | |
| LINDA NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No. 19 AP 01009 |
| v. | ) | |
| | ) | |
| STEVEN D. ZARLING, | ) | Motion Date: April 22, 2020 |
| | ) | |
| Defendant. | ) | Motion Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE THAT on April 22, 2020, at the hour of 10:00 a.m., **LINDA NELSON'S MOTION FOR JUDGMENT ON THE PLEADINGS** shall be heard by the Honorable David D. Cleary of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 644 at 219 South Dearborn, Chicago, Illinois. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

**A party who objects to this motion and wants it called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.**

GOLAN CHRISTIE TAGLIA LLP

### Affidavit of Service

I, Caren A. Lederer, an attorney, certify that the above captioned Notice of Motion and Linda Nelson's Motion for Judgment on the Pleadings were served upon the parties who receive notice via CM/ECF filing on April 15, 2020.

/s/*Caren A. Lederer*
Caren A. Lederer

## SERVICE LIST

Steven D. Zarling
c/o David M. Siegel
David M. Siegel & Associates
790 Chaddick Drive
Via CM/ECF

Linda Nelson
c/o Golan Christie Taglia LLP
70 W. Madison St., Ste. 1500
Chicago, IL 60602
Via CM/ECF

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | |
| STEVEN D. ZARLING, | ) | Case No.  18-bk-35437 |
| | ) | |
| Debtor. | ) | Honorable David D. Cleary |
| | ) | |
| | ) | |
| LINDA NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No. 19 AP 01009 |
| v. | ) | |
| | ) | |
| STEVEN D. ZARLING, | ) | Motion Date:  April 22, 2020 |
| | ) | |
| Defendant. | ) | Motion Time:  10:00 a.m. |

## LINDA NELSON'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff/Creditor, Linda Nelson ("Nelson"), by and through her attorneys, Caren A. Lederer and Robert R. Benjamin of Golan Christie Taglia LLP, brings this motion for judgment on the pleadings in accordance with Federal Rule of Civil Procedure 12(c), as made applicable by Bankruptcy Rule 7012(c), and asks that this Court enter judgment in favor of Nelson on her adversary complaint (the "Complaint") and deny the Debtor a discharge in bankruptcy. In support of thereof, Nelson respectfully states as follows:

## INTRODUCTION

1.  On or about November 15, 2019, Nelson filed her adversary complaint pursuant to 11 U.S.C. § 727(a) objecting to the discharge of the liabilities owed by Debtor to Nelson because of Debtor's false oaths, attempts to conceal assets, and failure to keep records. A copy of the Complaint is attached as **Exhibit A**. The Complaint pleads three grounds for relief: Count I seeks a denial of discharge pursuant to 11 U.S.C. 727(a)(2). Count II was inadvertently

3

labeled as "Count III" and seeks a denial of discharge pursuant to 11 U.S.C. 727(a)(3). Count III was inadvertently labeled as "Count IV" and seeks a denial of discharge pursuant to 11 U.S.C. 727(a)(4).

2.      On or about December 16, 2019, Debtor filed his answer ("Answer") to the Complaint. Debtor asserted no counterclaims or affirmative defenses. A copy of the Answer is attached as **Exhibit B**. Somewhat confusingly, the Answer references Count III, which is actually the Complaint's Count II, but mistakenly represents that this Count seeks relief pursuant to 727(a)(4), see Answer at p. 8, when the Complaint actually references 727(a)(3). See, Complaint at p. 7.

3.      Nelson is a creditor of Debtor. In 2008, she filed suit against Debtor in the Circuit Court of Cook County, State of Illinois, as Case No. 08 M3 3165. On September 29, 2008, an Agreed Judgment Order was entered against Debtor and in favor of Nelson in the amount of $32,095.80 ("Judgment").

4.      Post-Judgment enforcement proceedings were continued from time to time until December 26, 2018, when Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Petition"), and the collection was stayed pursuant to the automatic stay.

5.      Based on the allegations admitted by Debtor in his Answer to the Complaint, this Court should grant judgment to Nelson on Count II of her Complaint, inadvertently labeled as Count III, pursuant to Section 727(a)(3), and deny the Debtor's discharge.

**STANDARDS FOR GRANTING A MOTION FOR JUDGMENT ON THE PLEADINGS**

6.      Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc., v. City of S. Bend*, 163 F. 3d 449, 452

(7th Cir. 1998). When deciding a motion for judgment on the pleadings, a court may consider only the contents of the pleadings, including the complaint, answer, and any written instruments attached as exhibits. *Alexander v. City of Chi.*, 994 F.2d 333, 335 (7th Cir. 1993); *In re Fink*, 351 B.R. 511, 520 (Bankr. N.D. Ill. 2006). The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. *Flora v. Home Fed. Sav. & Loan Ass'n,* 685 F.2d 209, 211 (7th Cir.1982).

7. A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989); *Fink*, 351 B.R. 511, 520 (Bankr. N.D. Ill. 2006). A motion for judgment on the pleadings is properly granted if the undisputed facts appearing in the pleadings, supplemented by any facts of which a court should take proper judicial notice, clearly entitle the moving party to judgment as a matter of law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) (*citing Flora* 685 F.2d at 211). *Fink*, 351 B.R. 511, 520 (Bankr. N.D. Ill. 2006). A moving party must unequivocally establish that no material issue of fact exists and that judgment on the pleadings is warranted by law. *Id*.

8. All well-pleaded allegations contained in the non-moving party's pleadings are to be taken as true. *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). Therefore, the Debtor's admissions in his Answer to the Complaint are crucial when considering a Rule 12(c) motion. *Id*. In ruling on a motion for judgment on the pleadings, courts must view the facts in the pleadings and all inferences drawn therefrom in the light most favorable to the non-movant. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997).

9. The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *Selfreliance Fed. Credit Union v. Harasymiw*, 895 F.2d 1170, 1172 (7th Cir.1990). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291 (1991); *In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir.1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *Goldberg Secs., Inc. v. Scarlata*, 979 F.2d 521, 524 (7th Cir.1992) (quoting *In re Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985)). Even under this standard, "debtors have an *absolute duty* to report whatever interests they hold in property," *In re Yonikus*, supra at 904 (emphasis added), because "the operation of the bankruptcy system depends on honest reporting. If debtors could omit assets at will, with the only penalty being that they had to file an amended disclosure once caught, cheating would be altogether too attractive." *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985).

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

**I. JUDGMENT SHOULD BE ENTERED ON THE PLEADINGS ON COUNT III FOR FAILURE TO KEEP RECORDS**

11. At all times relevant, Section 727(a)(3) of the Bankruptcy Code provided, in part, that:

> [t]he court shall grant the debtor a discharge, unless ... the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents,

6

records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all circumstances of the case.

U.S.C. §727(a)(3).

12. The purpose of Section 727(a)(3) is to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs. *Fink*, 351 B.R. at 522 (quoting *Scott*, 172 F.3d at 969 (internal quotes omitted)). While this provision was not meant to bar the discharge of the ordinary consumer debtor, a "sudden and large dissipation of assets," coupled with a lack of books and records will provide a basis for denial of a discharge under this section. *Fink*, 351 B.R. at 522 (citing *PNC Bank, Nat'l Assoc. v. Buzelli*, 246 B.R. 75, 98 (Bankr.W.D.Pa.2000).

13. Section §727(a)(3) requires as a precondition to discharge that debtors produce records which provide creditors "with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Juzwiak,* 89 F.3d at 427. This statute "ensures that trustees and creditors will receive sufficient information to enable them to 'trace the debtor's financial history; to ascertain the debtor's financial condition; and to reconstruct the debtor's financial transactions. *Fink*, 351 B.R. at 522 (citing *Juzwiak,* 89 F.3d at 427-28).

14. The court should not be required to speculate as to the financial history or condition of the debtor, nor should the court be compelled to reconstruct the debtor's affairs. *Fink*, 351 B.R..at 428. Moreover, the burden is not on the creditor to reconstruct the debtor's financial affairs. *Id*. at 429. A debtor has an obligation to reveal, rather than conceal, his complete financial condition. *Id*. at 524. Further, a debtor has an affirmative duty to take reasonable precautions to maintain and preserve records of their financial transactions and affairs. *Id*. at 522.

15. A creditor has the initial burden of proving that the debtor failed to keep adequate records. *Id*. A creditor is not required to prove intent, criminal, or quasi-criminal conduct in proving debtor's failure to maintain adequate records. *Id*. Rather, a creditor need only prove transfer or removal of assets, destruction or wasting of assets, or concealment of assets. *Id*.

16. Once a creditor proves the debtor's records are inadequate, the burden shifts to the debtor to justify the lack of adequate records. *Id*.

17. The completeness and accuracy of a debtor's records are to be determined on a case-by-case basis, considering the size and complexity of the debtor's financial situation. *Id.* Courts should consider the sophistication of the debtor, his educational background, his business experience and acumen, and his personal financial structure. *Id*.

18. Here, the Debtor has admitted that he has failed to produce documents and records, and is unable to explain his inability to produce documents and records, from which his true financial condition or business transactions might be ascertained. Answer ¶ 41. Specifically, Debtor admittedly failed to produce documents and records related to: 1) over $39,000 in worker's compensation settlement checks; and 2) additional undisclosed income.

    **A.**     **Debtor Failed to Create, Maintain, and Produce Records Relating to $39,810.83 in Worker's Compensation Checks.**

19. Debtor's discharge should be denied because he failed to create, maintain, and produce records relating to the $39,810.83 in worker's compensation checks that he actually received.

20. In *Fink*, the debtor failed to produce sufficient books and records from which his financial condition could be determined. *Fink*, 351 B.R. at 523. Specifically, he admitted that he did not produce documentation relating to entities that he had an interest in, certain bank account information, and documentation related to a transfer of property to his father. *Id*. As a result, the

8

bankruptcy court found that the creditor demonstrated that debtor's failure to produce those records made it impossible to ascertain the debtor's true financial condition and track his financial dealings with "substantial completeness and accuracy." *Id*. Consequently, this Court found that the debtor violated Section 727(a)(3), granted the creditor's motion for judgment on the pleadings, and denied the debtor's discharge.

21. Here, similar to *Fink*, Debtor's failure to create, maintain, and produce records relating to the worker's compensation checks have made it impossible for Nelson to ascertain Debtor's true financial condition and track his finances with substantial completeness and accuracy. The worker's compensation settlement was not disclosed in Debtor's Schedules or Statement of Financial Affairs, filed December 26, 2018.  See, Answer ¶ 6.

22. On February 6, 2019, after the 341 Meeting, Debtor filed Amended Bankruptcy Schedules that disclosed—for the first time—a 2018 worker's compensation settlement that Debtor received in the amount of $39,810.82 (the "Settlement Amount"). Debtor also asserted that he had transferred the Settlement Funds on or around February 2018 to an individual he identified as "George Zarling." [Dkt. No. 13]. Debtor provided no records or documents indicating this transfer.

23. On June 7, 2019, Nelson issued a Subpoena for Rule 2004 Examination to Debtor requiring the production of documents on or before July 1, 2019. Thereafter Debtor produced records that revealed his receipt of three (3) checks totaling $39,810.83 (the "WC Checks"). Answer ¶ 17.  Debtor's bank statements do not reflect the deposit of the WC Checks. Answer ¶ 18. Nor do Debtor's bank statements reflect any transfer of the WC Checks in or around February 2018. Answer ¶ 18.

24. After the Examination, Debtor produced a deposit slip showing the deposit of the WC Checks by Debtor's brother, whose name has always been *Gary* Zarling, on March 5, 2018. Answer ¶ 34. Debtor did not provide any proof of indebtedness to his brother, any documentation regarding loans or obligations to his brother, or any other payments to or from his brother. Answer ¶ 34.

25. Debtor failed to uphold his obligation to reveal—rather than conceal—his financial condition, which forces this Court and Nelson to speculate as to his financial history and condition. Debtor's inability to produce records and the reason for the transfer makes it impossible for Nelson or the Court to ascertain his true financial condition, including any other undisclosed assets or transfers. Answer ¶ 42. Therefore, as in *Fink*, his discharge should be denied.

### B. Debtor Failed to Keep, Maintain, and Produce Records Relating to Undisclosed Income Amounting to $8,965.71.

26. Debtor's discharge should be denied because he failed to keep, maintain, and produce records relating to additional undisclosed income amounting to $8,965.71 (the "Undisclosed Income").

27. In *Fink*, the debtor admitted in his answer to the adversary complaint that his reported income on his W-2 and 1099 was $12,000 to $17,000 higher than the income he reported on his Statement of Financial Affairs. *Fink*, 351 B.R. at 511. As discussed above, the court denied debtor's discharge because debtor admittedly failed to supply records that allowed the creditor and the court to ascertain the debtor's true financial condition. *Id*. at 524.

28. Similarly here, Debtor's failure to produce records that accurately disclosed his income made it impossible for this Court and Nelson to ascertain Debtor's true financial condition, and his discharge should be denied. Answer ¶ 44, 45.

29. Even the amended schedules that Debtor filed on February 6, 2019 (after the 341 Meeting) are still not truly accurate, because they still do not disclose any other source of income other than Social Security, SNAP, and AABD.

30. In July 2019, when Debtor finally produced documents in response to the Rule 2004 subpoena, Nelson discovered that Debtor's bank statements reflected undisclosed income from an unknown source within the year prior to Debtor's Petition, totaling $8,965.71 (the "Undisclosed Income"). Answer ¶ 19. Debtor failed to disclose receipt of the Undisclosed Income and the Undisclosed Income is not reported on Debtor's original or amended Schedules or Statement of Financial Affairs. Answer ¶¶ 20, 44. Debtor has failed to adequately explain or offer any documentation regarding the Undisclosed Income. Answer ¶ 35.

31. Debtor's failure to disclose the Undisclosed Income, despite his numerous opportunities to do so, makes it impossible for this Court or Nelson to ascertain Debtor's true financial condition or to track his financial dealings with substantial completeness and accuracy. Therefore, Debtor's discharge should be denied.

32. Between the WC checks and the Undisclosed Income, Debtor failed to disclose or produce records reflecting a minimum amount of $48,776.54. After considering the totality of the evidence, including Debtor's significant admissions in his Answer, Nelson has clearly satisfied her burden under § 727(a)(3) by a preponderance of the evidence, and Debtor has admitted that he has no explanation. As a result of Debtor's conduct, this Court should deny Debtor's discharge.

WHEREFORE, Creditor, LINDA NELSON, respectfully requests that pursuant to 11 U.S.C. § 727(a)(3), Debtor's discharge should be denied.

Dated: April 15, 2020                                                                  LINDA NELSON,


                                                                    By: */s/ Caren A. Lederer*
                                                                        One of her attorneys


Robert R. Benjamin (ARDC #0170429)
Caren A. Lederer (ARDC # 6244631)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Linda Nelson
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
calederer@gct.law