**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 7** |
| **STEVEN D. ZARLING,** | ) | **Case No. 18-bk-35437** |
| **Debtor.** | ) | **Honorable David D. Cleary** |
| **LINDA NELSON,** | ) | |
| **Plaintiff,** | ) | **Adv. Case No. 19 AP 01009** |
| **v.** | ) | |
| **STEVEN D. ZARLING,** | ) | |
| **Defendant.** | ) | |

**<u>LINDA NELSON'S REPLY IN SUPPORT OF JUDGMENT ON THE PLEADINGS</u>**

Plaintiff/Creditor, Linda Nelson ("Nelson"), by and through her attorneys, Caren A. Lederer and Robert R. Benjamin of Golan Christie Taglia LLP, and for her reply in support of judgment on the pleadings as to Count II under 11 USC 727(a)(3), states as follows:

**Argument**

<u>Debtor failed to justify his lack of records.</u>

A creditor objecting to discharge need not prove malice or intent by a debtor, but must only demonstrate a transfer or removal of assets, or wasting or concealing assets. *In re Fink*, 351 B.R. 511 (Bankr. N.D. 2006). This is because it is the Debtor's affirmative obligation to disclose all income and assets, and provide the documents and records necessary to explain his financial picture. *Id.*

Nelson met this burden by demonstrating the "sudden and large dissipation of assets" by Debtor just ten months before the Petition Date, by surreptitiously transferring all of certain

settlement proceeds ("Funds") to his brother without allowing them to go through his own accounts, then deliberately omitting them from his Petition, only amending his papers to disclose the funds after his subterfuge was discovered, and then misidentifying the recipient.

Having established the omission, which Debtor does not deny, the burden shifted to the Debtor to justify his lack of records related to it. With respect to the Funds, no such justification is even offered. Instead, the Debtor merely suggests that because he is not a medical doctor with multiple LLCs (distinguishing himself from the debtor in *Fink*) he is immunized from the obligations of Section 727(a)(3). Debtor only provided financial records regarding the Funds when compelled by subpoena, and even that took months. While Debtor claims a lack of sophistication, he knew enough to funnel the Funds to his brother without creating the very paper trail that is his obligation to preserve as a Debtor requesting discharge of debt.

If the affirmative obligation to preserve records and forthrightly disclose all assets and income is to mean anything at all, then debtors who fail to comply, as in the case of this Debtor, should not have the benefit of a discharge of their debts. The "penalty" of amending schedules is no penalty at all, and makes cheating "altogether too attractive." *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985).

Similarly with respect to his undisclosed income, the Debtor admits the default in his disclosure obligations, but tries to minimize the effect by relying again on his claimed lack of sophistication, and by saying the amount is not significant enough to concern the Court. Whether the undisclosed income is $3,900 (as Debtor admits) or $8,900 or some other amount is irrelevant under Section 727(a)(3), because the fact remains that the Debtor *admitted* that he failed to report income. The Bankruptcy Code does not allow debtors to pick and choose what they disclose to creditors; indeed that is the very antithesis of its purpose and procedure.

Here, Debtor's records were abysmal, and only turned over by compulsion, and they did finally reveal that Debtor had assets and income that creditors knew nothing about. This Debtor did not file or proceed *pro se*, he was represented by counsel and assuredly was advised of his obligations of disclosure. Having elected not to comply with the requirements of the Code, he cannot now be discharged of his debts. Pursuant to 11 UCS 727(a)(3), discharge should be denied.

Dated: July 8, 2020

LINDA NELSON,

By: */s/ Caren A. Lederer*
One of her attorneys

Robert R. Benjamin (ARDC #0170429)
Caren A. Lederer (ARDC # 6244631)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Linda Nelson
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
calederer@gct.law