**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18 B 35437 |
| STEVEN D. ZARLING, ) | |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |
| LINDA NELSON, ) | |
| ) | Adv. No. 19 A 1009 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge David D. Cleary |
| STEVEN D. ZARLING, ) | |
| ) | |
| Defendant. ) | |

**PRETRIAL ORDER FOR VIDEO TRIAL**

This matter is set for trial on November 18, 2020, at 1:00 p.m. In accordance with General Order No. 20-05, the trial will be held remotely by videoconference using the Zoom for Government videoconferencing platform. No participants will be physically present in the courtroom. The COVID-19 public health emergency constitutes good cause in compelling circumstances for holding the trial remotely by conference. Zoom for Government and this Order provide appropriate safeguards.

At the court's discretion, the trial will continue from day to day until completed. Unless modified by the court, the provisions of this Order will govern the course of proceedings:

**1. Participation by Video.**

**a. Connecting to Zoom.** Before the final pre-trial hearing, the technical pre-trial conference and the trial, chambers staff will provide a link or URL (internet address) that

will allow participation in the trial. To participate, an attorney or witness must click on the link (paste the URL into the computer's browser and hit "Enter") and then follow the instructions.

      **b. Required Equipment.** Zoom permits access to the video portion via computer and access to the audio portion via either computer or telephone.

      i. **Video.** To use the video portion of Zoom, each attorney and witness must have a computer equipped with: (a) a camera capable of sending and receiving video using Zoom; (b) Internet browsing software that will accommodate Zoom; (c) a stable Internet connection and bandwidth sufficient to support Zoom; and (d) Adobe Acrobat Reader for the purpose of reviewing exhibits. It is not necessary to download and install Zoom software.

      ii. **Audio.** To use the audio portion of Zoom, each attorney must have *either* (a) a computer equipped with a microphone and speakers *or* (b) a telephone. If the telephone is a cellular phone, the attorney or witness must be in a location with service adequate to provide clear audio.

      **c. Witness Testimony.** All witnesses will be placed under oath, and their testimony will have the same effect as if they were testifying in open court. Each witness must testify from a quiet room. Witnesses must situate themselves so that other participants can see them, and the witnesses can see the video. While a witness is under oath and testifying, no person may be in the same room, the witness may have no documents in the room except exhibits the parties have submitted, and the witness may not communicate in any fashion with anyone other than the questioning attorney and the judge.

      **d. Subpoenas to Third-Party Witnesses.** Each subpoena to a third-party witness must state the following in the box for the "Place" to appear: "The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order." A copy

of the Pretrial Order must be attached to the subpoena and served on the witness.

**2. Final Pre-Trial Hearing and Technical Pre-Trial Conference.** On November 4, 2020, at 11:00 a.m., the court will hold a final pre-trial hearing for the court and attorneys to discuss pre-trial submissions and issues to be heard at trial. On November 4, 2020, at 11:30 a.m., the court will hold a technical pre-trial conference to test the video technology. All attorneys, parties and witnesses (except third-party witnesses) must participate in the technical pre-trial conference. All participants are admonished not to discuss the substance of the trial at this technical pre-trial conference and instead limit their comments to the functioning of the video technology and related procedural matters.

**3. Exhibits and Exhibit Lists.**

**a. Exhibits.** On or before October 21, 2020, each party must file with the court, provide to each other, and provide to each witness a copy of each exhibit the party may use at trial for any purpose. Each party must file a declaration or certification that exhibits were filed and provided as required. Each exhibit must be provided electronically as a separate pdf (Adobe Acrobat) file, except that two paper courtesy copies must be delivered to the court on or before that date. Attorneys are responsible for ensuring that each pdf file can be opened successfully. Each exhibit must be clearly and sequentially numbered in the order of its probable presentation at trial. Each document must have a separate exhibit number.

**b. Exhibit Lists.** Each party must also file on the due date and provide to each other a list of the party's exhibits.

**c. Objections.** On or before October 28, 2020, each party must file and serve a list stating as to each exhibit whether there is an objection to the exhibit's admission. Relevance objections need not be listed and are reserved for trial. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived. Any listed exhibits as to which no objection is filed will be admitted into evidence at the outset of the hearing.

**4. Witnesses and Witness Lists.** On or before October 21, 2020, each party must file with the court and provide to each other a list of all witnesses the party intends to call at trial. The list must be divided into two categories: (a) witness who *will* be called to testify, and (b) witnesses who *may* be called to testify. For each witness, the list must provide the witness's name, email address, and telephone number (in case of an interruption in the video or audio portion of the trial) as well as a brief description of the subject matter of the witness's testimony.

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each proposed expert's testimony and the expert's report must be provided.

**5. Joint Pretrial Statement and Brief.**

    **a. Statement.** On or before November 2, 2020, the parties must file a joint pretrial statement. Counsel for Plaintiff shall initiate the process of preparing the statement. Counsel who will try the case and who are authorized to make binding stipulations must confer, prepare and file a signed written pretrial statement. The joint pretrial statement must contain the following:

        i. A brief statement of the nature of the case, including relevant sections of the Bankruptcy Code;

        ii. The uncontested material facts;

        iii. Each party's positions regarding the disputed factual issues to be determined. Each party must state whether it contends that the statement is accurate, material and relevant, and why;

        iv. Agreed material issues of law;

        v. A separate statement by each party of disputed material issues of law;

vi. A list of each party's trial witnesses and a summary of the substance of the witnesses' testimony. Witnesses who are not properly listed, including impeachment witnesses, may not be called at the trial other than for good cause shown. The content of this section shall be identical in substance to the content required by Paragraph 4 of this order. For each witness, opposing parties must set forth, immediately following the summary of the testimony, the legal basis for any objection to the witness testifying; and

vii. A list of each party's trial exhibits, and a brief description of the exhibit. For each exhibit, the opposing parties must set forth, immediately following the exhibit description, the legal basis for any objection to the exhibit. The content of this section shall be identical in substance to the content required by Paragraph 3 of this order.

**b. Pretrial Brief.** On or before November 2, 2020, each party shall file a pretrial brief. Each pretrial brief must contain a short statement that sets forth the burden of proof and the elements of each claim and each defense, with citations to statutes and cases.

**6. Motions in Limine.** On or before November 2, 2020, each party shall file and serve motions in limine, if any. Such motions shall be noticed for the trial date and time. Any responses to motions in limine must be filed on or before November 16, 2020.

**7. Courtroom Formalities.** Though held remotely by videoconference, the trial constitutes a judicial proceeding. No one except the assigned court reporter or another person that the court directs may record the audio or video of the trial. Formalities of a courtroom will be observed. Participants must dress appropriately and must conduct themselves in a suitable manner.

**8. Failure to comply**. The court may, inter alia, exclude evidence, bar witnesses, postpone the hearing, impose sanctions or enter judgment for failure to comply with any provision of this order.

ENTERED:

SMB

Date: September 25, 2020

DAVID D. CLEARY
United States Bankruptcy Judge

6