# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | In Chapter 7 |
| STEVEN D. ZARLING, | Case No. 18-bk-35437 |
| Debtor. | Honorable David D. Cleary |
| LINDA NELSON, | |
| Plaintiff, | Adv. Case No. 19 AP 01009 |
| v. | |
| STEVEN D. ZARLING, | |
| Defendant. | |

## JOINT PRETRIAL STATEMENT

Plaintiff/Creditor Linda Nelson, and Defendant/Debtor Steven D. Zarling (collectively referred to as the "Parties"), by their respective attorneys, respectfully submit the following Joint Pretrial Statement:

### Nature of the Case

1. Plaintiff, Linda Nelson ("Nelson") is a creditor of Defendant Steven D. Zarling ("Debtor"). In 2008, she filed suit against Debtor in the Circuit Court of Cook County, State of Illinois, as Case No. 08 M3 3165. On September 29, 2008, an Agreed Judgment Order was entered against Debtor and in favor of Nelson in the amount of $32,095.80 ("Judgment.")

2. Post-Judgment enforcement proceedings were continued from time to time until December 26, 2018, when Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Petition"), and the collection was stayed pursuant to the automatic stay.

3. On or about November 15, 2019, Nelson filed her adversary complaint pursuant to 11 U.S.C. § 727(a) objecting to the discharge of the liabilities owed by Debtor to Nelson because of Debtor's false oaths, attempts to conceal assets, and failure to keep records. The Complaint pleads three grounds for relief: Count I seeks a denial of discharge pursuant to 11 U.S.C. 727(a)(2). Count II was inadvertently labeled as "Count III" and seeks a denial of discharge pursuant to 11 U.S.C. 727(a)(3). Count III was inadvertently labeled as "Count IV" and seeks a denial of discharge pursuant to 11 U.S.C. 727(a)(4).

4. On or about December 16, 2019, Debtor filed his answer ("Answer") to the Complaint. Debtor asserted no counterclaims or affirmative defenses.

## Uncontested Material Facts

5. The Parties incorporate paragraph 1-4 herein.

6. Debtor filed Schedules and Statement of Financial Affairs on December 26, 2018.

7. Debtor resides at 1617 Greenwood Ave., Hanover Park, Illinois, a property owned by Debtor's mother, Jeannine Zarling.

8. Debtor resides with Jeannine Zarling and his brother, Gary Zarling.

9. Debtor disclosed no legal or equitable interest in any watercraft or other recreational vehicles in his schedules.

10. Debtor stated that he does not own jewelry, including watches.

11. After Debtor's initial Section 341 Meeting of Creditors (the "341 Meeting) on January 29, 2019, Debtor filed Amended Bankruptcy Schedules on February 6, 2019.

12. Debtor's Amended Bankruptcy Schedules disclosed a February 2018 worker's compensation settlement in the amount of $39,810.82 (the "Settlement Funds.")

13. Debtor disclosed a transfer of the Settlement Funds on or around February 2018 to an individual purporting to be Debtor's brother, "George Zarling."

14. Debtor does not have a brother named George Zarling. Debtor's brother's name is Gary Zarling.

15. Debtor disclosed no other source of income other than Social Security, SNAP, and AABD.

16. On June 7, 2019, Nelson issued a Subpoena for Rule 2004 Examination to the Debtor requiring the production of documents on or before July 1, 2019 and setting an examination date of July 8, 2019.

17. On July 2, 2019, Debtor produced responsive documents to Ms. Nelson.

18. Debtor's records revealed the receipt of three (3) checks payable to Debtor, totaling $39,810.82 (the "WC Checks").

19. Debtor's bank statements reflected undisclosed income from an unknown source, including the following deposits within a year prior to Debtor's Petition totaling $8,965,71 (the "Undisclosed Income"):

| *DATE* | *AMOUNT* | *DATE* | *AMOUNT* |
| --- | --- | --- | --- |
| 12/28/2017 | $300.00 | 7/9/2018 | $1,000.00 |
| 1/29/2018 | $400.00 | 8/1/2018 | $445.00 |
| 2/5/2018 | $420.66 | 8/30/2018 | $220.00 |
| 3/1/2018 | $2,000.00 | 10/1/2018 | $470.00 |
| 3/22/2018 | $1,460.00 | 10/18/2018 | $500.05 |
| 4/25/2018 | $1,460.00 | 11/30/2018 | $500.00 |
| 6/16/2018 | $400.00 | 12/13/2018 | $400.00 |

**Debtor's Response: Inaccurate. Debtor has explained these deposits came from friends and family members who were providing him with financial assistance. These amounts were disclosed by Debtor's bank statement.**

**Nelson's Response: Debtor admitted this paragraph in his Answer.**

20. Debtor failed to disclose his receipt of the Undisclosed Income on Schedules or

Statement of Financial Affairs.

> **Debtor's Response:  Inaccurate.  Debtor contends he did disclose this information by providing bank statements and adequately explained that these were gifts.**
>
> **Nelson's Response:  Debtor admitted this paragraph in his Answer.**

21. Debtor has failed to adequately explain or offer any documentation regarding the Undisclosed Income.

22. On October 25, 2019, Debtor sat for a Rule 2004 examination (the "Examination") and confirmed that none of the income in Debtor's bank account belongs to Jeannine or any other person.

23. Debtor appeared for the Examination while wearing a watch. Debtor explained that he was not aware that he was wearing a watch, then stated the watch belonged to his brother and that it was stolen. Debtor then explained that his brother collects watches, that Debtor has bought several watches for his brother, but that his brother does not wear watches.

> **Debtor's Response:  Inaccurate.  Debtor contends that the watch was borrowed from his brother and it was not stolen.**
>
> **Nelson's Response:  Debtor admitted this paragraph in his Answer.**

24. Debtor was presented with an online posting that was captioned "Santa's workshop in progress…. Shhhhhh!! (the "Christmas Posting.") Debtor recognized the Christmas Posting and acknowledged making it.

> **Debtor's Response:  Not material.  Only material if these alleged gifts are worth more than $600.00.**
>
> **Nelson's Response: Debtor admitted this paragraph in his Answer.**

25. The Christmas Posting contained several gifts purchased by Debtor. Debtor

4

explained that the boxes in the online posting were merely empty boxes, not gifts.

> **Debtor's Response: Not material.  Only material if these alleged gifts are worth more than $600.00.**
>
> **Nelson's Response:  Debtor admitted this paragraph in his Answer.**

26. The Christmas posting was made on December 21, 2018 – five (5) days prior to the date of Debtor's Petition.

> **Debtor's Response:  Not material.  Only material if these alleged gifts are worth more than $600.00.**
>
> **Nelson's Response: Debtor admitted this paragraph in his Answer.**

27. At the Examination, Debtor admitted to making online postings wherein Debtor disclosed receiving new title, registration, and permitting stickers to a boat (the "Boat.") In September 2017, Debtor posted that "after 3 years of total gutting and rebuild of the boat" he was out on the Fox River the same day that he "received the renewal for the 2018 Seasons' Illinois boat stickers, Fox River & Chain O' Lakes stickers, and trailer plate stickers." He also posted regarding the installation of a stereo and speakers, the disassembly of trailer for the Boat, and sanding to remove old paint and rust under the Boat (collectively, the "Boat Postings.")

28. Debtor claims the Boat does not belong to him, but to his nephew, Joseph Weise, a Wisconsin resident.

29. All permits, title, and registration for the Boat and trailer are in the name of Mr. Weise, but sent to Debtor's home in Hanover Park, Illinois.

> **Debtor's Response:  Inaccurate.  Debtor lives in the Hanover Park, Illinois home but he does not own the own Hanover Park, Illinois home.**
>
> **Nelson's Response:  Debtor admitted this paragraph in his Answer.**

30. After the Examination, Debtor produced a deposit slip showing that Gary Zarling

5

deposited of the WC Checks by on March 5, 2018.

31.     Debtor is unable to offer proof of indebtedness to Gary, any documentation regarding loans from or obligations to Gary, any other payments to or from Gary, or any reason for the transfer of the WC Checks to Gary.

### Plaintiff's List of Contested Material Facts

The Parties contest the following material facts:

1.      Whether Debtor owns equitable or legal title to the Boat.

2.      Whether Debtor pays all permit, title, and registration fees for the Boat and trailer.

3.      Whether the Boat and trailer are in Debtor's possession.

**Debtor's Response:  Inaccurate.  Debtor lives in the Hanover Park, Illinois home but he does not own the own Hanover Park, Illinois home.  The home is Debtor's mother's home and the boat is in her possession.**

**Nelson's Response:  Debtor admitted this paragraph in his Answer.**

### Defendant's List of Contested Material Facts

1.      Debtor has explained these deposits came from friends and family members who were providing him with financial assistance.  These amounts were disclosed by Debtor's bank statement (Paragraph 19).

2.      Debtor contends he did disclose this information by providing bank statements and adequately explained that these were gifts (Paragraph 20).

3.      Debtor contends that the watch was borrowed from his brother and it was not stolen (Paragraph 23).

4.      Whether Linda Nelson is pursuing Debtor for the purposes of harassment.

5.      Whether Debtor provided the worker's compensation funds to Gary Zarling for the purpose of holding onto the funds for the benefit of Debtor.

6. Whether Check No 426439 in the amount of $10,067.77 is for future medical expenses and would need to paid back to SeaBright Insurance Company.

## **Agreed Material Issues of Law**

1. Whether Debtor attempted to conceal the true recipient of the Settlement Funds in violation of 11 U.S.C. 727(a)(2).

2. Whether Debtor's filings, under oath, intended to delay or defraud creditors by first failing to disclose the Settlement Funds, and then providing the name of a fictitious recipient of the Settlement Funds in violation of 11 U.S.C. 727(a)(2).

3. Whether Debtor intended to hinder, delay, or defraud creditors by concealing the Undisclosed Income in violation of 11 U.S.C. 727(a)(2).

4. Whether Debtor's failure to keep or preserve records or offer an explanation for the Undisclosed Income prevented creditors from ascertaining Debtor's financial condition in violation of 11 U.S.C. 727(a)(3).

5. Whether Debtor's failure to keep or preserve records or offer an explanation for the Settlement Funds prevented creditors from ascertaining Debtor's financial condition in violation of 11 U.S.C. 727(a)(3).

6. Whether Debtor's failure to keep or preserve records related to legal or equitable title of the Boat prevented creditors from ascertaining Debtor's financial condition in violation of 11 U.S.C. 727(a)(3).

## **Disputed Material Issues of Law**

1. Whether Debtor's statements regarding his legal or equitable interests in the Boat are in violation of 11 U.S.C. 727(a)(4).

2. Whether Debtor's statements that he does not own any jewelry are in violation of 11 U.S.C. 727(a)(4).

7

3. Whether Debtor's statements that his only sources of income are Social Security, SNAP, and AABD are in violation of 11 U.S.C. 727(a)(4).

4. Whether Debtor's statements that he transferred the Settlement Funds to George Zarling are in violation of 11 U.S.C. 727(a)(4).

5. Whether Debtor's statements that he made no gifts with value of more than $600.00 to any one person within two (2) years of filing his Petition are in violation of 11 U.S.C. 727(a)(4).

### Plaintiff's Witnesses

1. Linda Nelson

Plaintiff will testify as to the underlying basis for her judgment against Debtor. Plaintiff will testify as to her personal knowledge of the factual allegations in her Complaint, including Debtor's receipt of his workers' compensation settlement, Debtor's legal or equitable interest in the boat, her knowledge of Debtor's attempts to avoid paying the Judgment, and Debtor's gifting habits. Plaintiff will further testify as to her knowledge of the factual allegations and arguments in the Motion for Judgment on the Pleadings.

2. Steven D. Zarling

The Debtor is expected to testify as to his Petition and Schedules, his Answer to the Adversary Complaint, and his arguments in opposition to the Motion for Judgment on the Pleadings. Specifically, Debtor is expected to testify as to why he failed to initially disclose: 1) his workers' compensation settlement; 2) receipt of the workers' compensation settlement checks totaling $39,810.82; and 3) the $8,965.71 in undisclosed income for the year prior to Debtor's Bankruptcy Petition. Debtor is expected to testify as to the location of the workers' compensation checks and why his bank accounts do not reflect a transfer of the checks to Gary Zarling, as Debtor previously stated. Debtor is expected to testify as to why he provided a fictitious name for his brother, calling

him George Zarling, instead of his true name, Gary Zarling. Debtor is expected to testify as to the source of the unidentified income totaling $8,965.71 from the year prior to his Bankruptcy Petition. Debtor is also expected to testify as to his Facebook posts, as provided by Plaintiff's Exhibits 9 and 10, to explain his gifting habits and his alleged disinterest in the boat.

3. Gary Zarling

Gary Zarling, Debtor's brother, is expected to testify as to his receipt of the Debtor's Workers Compensation Proceeds and the Unidentified Funds as alleged in the Motion for Judgment on the Pleadings, including any transfers of the same to or for the benefit of Debtor in defraud of Debtor's creditors, including Plaintiff.

### Plaintiff's Trial Exhibits

**EXHIBIT 1:   Voluntary Petition for Relief under Chapter 7 of Title 11 of the Bankruptcy Code, Bankruptcy Schedules, and Statement of Financial Affairs**

Plaintiff's Exhibit 1 is Debtor's Voluntary Petition for Relief under Chapter 7 of Title 11 of the Bankruptcy Code, Bankruptcy Schedules, and Statement of Financial Affairs filed on December 26, 2018.

**EXHIBIT 2:   Debtor's Amended Bankruptcy Schedules**

Plaintiff's Exhibit 2 is Debtor's Amended Bankruptcy Schedules filed on February 6, 2019.

**EXHIBIT 3:   Debtor's Amended Statement of Financial Affairs**

Plaintiff's Exhibit 3 is Debtor's Amended Statement of Financial Affairs filed on February 6, 2019.

**EXHIBIT 4:   Adversary Complaint Objecting to Discharge**

Plaintiff's Exhibit 4 isthe Adversary Complaint Objecting to Discharge filed by Linda Nelson on November 15, 2019. Exhibits to the Adversary Complaint are also included.

**EXHIBIT 5:   Answer to Plaintiff's Complaint Objecting to Debtor's Discharge**

Plaintiff's Exhibit 5 is Debtor's Answer to Plaintiff's Complaint Objecting to Debtor's Discharge filed on December 16, 2019.

**EXHIBIT 6:   Linda Nelson's Motion for Judgment on the Pleadings**

Plaintiff's Exhibit 6 is Linda Nelson's Motion for Judgment on the Pleadings filed on April 15, 2020.

**EXHIBIT 7:   Response to Linda Nelson's Motion for Judgment on the Pleadings**

Plaintiff's Exhibit 7 is Debtor's Response to Linda Nelson's Motion for Judgment on the Pleadings filed on June 24, 2020.

**EXHIBIT 8:   Linda Nelson's Reply in Support of Judgment on the Pleadings.**

Plaintiff's Exhibit 8 is Linda Nelson's Reply in Support of Judgment on the Pleadings filed July 8, 2020.

**EXHIBIT 9:   Facebook printout of Debtor's December 21, 2018 post**

Exhibit 9 is a copy of Debtor's Facebook post from December 21, 2018. The post contains a photo with numerous boxes and Christmas wrapping and is captioned, "Santa's workshop in progress….Shhhhhh!!!" A comment to the post, made by Shirley Zarling, states that "[h]e does it every year so do I, takes all winter/spring get to pay it off!!! $$$$$$$"

**GROUP EXHIBIT 10: Facebook printouts of Debtor's August 31, 2018, September 25, 2018, and October 7, 2018 posts**

Plaintiff's Group Exhibit 10 is copies of Debtor's Facebook posts and comments. The post from August 31, 2018 shows that Debtor spent four (4) years restoring his boat. The post from September 25, 2018 shares a Facebook post that Debtor made on September 25, 2016 that shows Debtor installed a stereo and speakers into the boat. Additionally, this post shows that he used or had possession of the boat in 2017, 2018, and planned to use it again in 2019. The October 7, 2018 post shows that Debtor restored the trailer used for the boat. A comment made by Debtor also shows that he received the renewal for the 2018 Seasons' Illinois boat stickers, Fox River & Chain O' Lakes stickers, and trailer plate stickers.

**EXHIBIT 11: Checks payable to Steven Zarling totaling $39,810.82**

Plaintiff's Exhibit 11 is copies of three (3) checks made payable to Debtor, totaling $39,810.82, for a workers' compensation settlement. Debtor's original Bankruptcy Schedules did not disclose the workers' compensation settlement. Debtor's bank statements do not reflect deposit of these checks. Debtor's bank statements do not reflect any transfer of the workers' compensation settlement funds in or around February 2018.

**EXHIBIT 12: Steven Zarling's bank statements from Fifth Third Bank for time period of July 22, 2017 to June 21, 2019.**

Plaintiff's Exhibit 12 is copies of Debtor's bank statements from Fifth Third Bank for time period of July 22, 2017 to June 21, 2019. These bank statements reflect undisclosed income from an unknown source, including deposits totaling $8,956.71 in the year prior to Debtor's Bankruptcy Petitions.

**GROUP EXHIBIT 13: Correspondence from Steven Zarling to Linda Nelson regarding loan payments.**

Plaintiff's Group Exhibit 13 is a series of email correspondence from Debtor to Plaintiff regarding loan payments and Debtor's intent to repay Plaintiff the loan amount in full.

### Defendant's Witnesses

1. Steven D. Zarling – Provide testimony about his bankruptcy and relevant period prior to filing bankruptcy as it relates to pertinent portions of the bankruptcy code.

2. Dr. Noorah Koita, General Physician – Debtor's mental capacity.

3. Dr. Keith Schmidt, Pain Management Physician – Debtor's mental capacity.

4. Stephen J. Cummings, O'Connor & Nakos, TLD – Provide testimony regarding the purpose of the funds, specifically whether some of the funds need to be repaid.

**Defendant's Trial Exhibits**

EXHIBIT 1:   Debtor's Bankruptcy Petition

EXHIBIT 2:   Debtor's Amended Schedules – Worker's compensation information.

EXHIBIT 3:   Debtor's Amended Statement of Financial Affairs - Worker's compensation information.

EXHIBIT 4:   Worker's Compensation Checks – Amounts paid to Debtor.

Dated: November 2, 2020                                  Respectfully submitted,

LINDA NELSON,                                            STEVEN D. ZARLING,
Plaintiff,                                               Defendant,

By:  /s/ *Caren A. Lederer*                              By:  /s/ *Michael R. Colter, II*
         One of her attorneys                                     One of his attorneys

Caren A. Lederer (ARDC #6244631)                         Michael R. Colter, II (ARDC #6304675)
Robert R. Benjamin (ARDC #0170429)                       DAVID M. SIEGEL & ASSOCIATES
GOLAN CHRISTIE TAGLIA LLP                                Attorney for Debtor
Attorneys for Plaintiff                                  790 Chaddick Drive
70 W. Madison, Ste. 1500                                 Wheeling, IL 60090
Chicago, IL 60602                                        (847) 520-8100
312-263-2300                                             mcolter@davidmsiegel.com
calederer@gct.law
rrbenjamin@gct.law