**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 7** |
| | ) | |
| **STEVEN D. ZARLING,** | ) | **Case No.  18-bk-35437** |
| | ) | |
| **Debtor.** | ) | **Honorable David D. Cleary** |
| | ) | |
| | ) | |
| **LINDA NELSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Adv. Case No. 19 AP 01009** |
| **v.** | ) | |
| | ) | |
| **STEVEN D. ZARLING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S PRETRIAL BRIEF**

Plaintiff, Linda Nelson, by her attorneys, Robert R. Benjamin and Caren A. Lederer of

Golan Christie Taglia LLP, respectfully submits her Pretrial Brief, as requested by the Court's

September 25, 2020 Order. In support thereof, Ms. Nelson states as follows:

**Burden of Proof**

1.      The party seeking to establish an exception to the discharge of a debt bears the

burden of proof. *Selfreliance Fed. Credit Union v. Harasymiw*, 895 F.2d 1170, 1172 (7th

Cir.1990). The United States Supreme Court has held that the burden of proof required to

establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner,*

498 U.S. 279, 291 (1991); *In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir.1994). To further the

policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be

construed strictly against a creditor and liberally in favor of a debtor." *Goldberg Secs., Inc. v.*

*Scarlata*, 979 F.2d 521, 524 (7th Cir.1992) (quoting *In re Zarzynski,* 771 F.2d 304, 306 (7th

Cir.1985)). Thus, Ms. Nelson bears the burden of proof by a preponderance of the evidence.

2.      A discharge in bankruptcy, however, is not a right but a privilege reserved

only for the "honest but unfortunate debtor." *Cohen v. DeLaCruz,* 523 U.S. 213, 217 (1998)

(quoting *Grogan v. Garner*, 498 U.S. 279, 287 (1991). Debtors have an *absolute duty* to

report whatever interests they hold in property," *In re Yonikus*, supra at 904 (emphasis

added), because "the operation of the bankruptcy system depends on honest reporting.  If

debtors could omit assets at will, with the only penalty being that they had to file an amended

disclosure once caught, cheating would be altogether too attractive." *Payne v. Wood*, 775

F.2d 202, 205 (7th Cir. 1985).

**I.      Debtor's Discharge Should be Denied Pursuant to Count I - 11 U.S.C § 727(a)(2)**

3.      Section 727(a)(2)(A) provides that a discharge will be denied if the "debtor, with

intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or

concealed ... property of the debtor, within one year before the date of the filing of the

petition." 11 U.S.C. § 727(a)(2)(A).

4.      Thus, Plaintiff must prove that that the Debtor transferred or concealed property

with an improper intent within one year before the bankruptcy was filed. *In re Kontrick*, 295

F.3d 724, 736 (7th Cir. 2002)*; In re Murphy*, No. 18-71012, 2020 WL 6066002, at *12 (Bankr.

C.D. Ill. Sept. 2, 2020).

5.      Because direct evidence of fraud is rare, courts consider the following factors as

circumstantial evidence of intent:

> (1) The lack or inadequacy of consideration; (2) the family,
> friendship, or close associate relationship between the parties; (3)
> the retention of possession, benefit or use of the property in
> question; (4) the financial condition of the party sought to be

charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.

*Id.* (citing *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 791 (7th Cir. 2002)).

6.　　Here, Debtor violated 11 U.S.C § 727(a)(2) by concealing $39,810.82 from a worker's compensation settlement in February 2018 (the "Settlement Funds") and transferring the Settlement Funds to a fictitious recipient purporting to be Debtor's brother.

7.　　Debtor purposefully omitted disclosure of the Settlement Funds in his Schedules and Statement of Financial Affairs. Debtor received the Settlement Funds within one (1) year of the Petition Date—but failed to disclose the Settlement Funds until the 341 Meeting, and was required to file Amended Schedules on February 6, 2019.　Debtor's Amended Schedules indicate that he transferred the Settlement Funds to a George Zarling, when in fact, Debtor's only brother's name is and was always Gary Zarling, something he absolutely knew and was obligated to disclose.

8.　　On June 7, 2019, Plaintiff issued a Subpoena for Rule 2004 Examination of Debtor and requested he produce any and all documents related to the workers' compensation settlement. Answer ¶ 15. In response, Debtor produced the receipt of three (3) checks made payable to Debtor, totaling $39,810.82 (the "WC Checks.") Answer ¶ 17.　Debtor admitted that his bank statements do not reflect the deposit of the WC Checks, nor do they reflect any transfer of the Settlement Funds in or around February 2018. Answer ¶ 18.

9.　　Looking at the factors set forth *supra* in *McWilliams*, Debtor's intent to delay or defraud creditors is shown by 1) the lack of consideration for the transfer of Settlement Funds to his brother; and 2) the familial relationship between Debtor and his brother. *McWilliams*, 284

3

F.3d at 791. In addition to the familial relationship between Debtor and his brother, Debtor is unable to prove any indebtedness to his brother or any documentation regarding loans or obligations to his brother. Answer ¶ 34. To the extent the brother used the Settlement Funds to pay expenses for the Debtor, the Debtor benefitted from the Settlement Funds without ever disclosing them to creditors.

10.     Debtor's concealment of the Settlement Funds and improper transfer to his brother constitute his intent to hinder, delay or defraud his creditors—as shown by the familial relationship between Debtor and his brother and the lack of consideration or any reasoning for the transfer of Settlement Funds. Accordingly, Debtor's discharge should be denied under 11 U.S.C § 727(a)(2).

11.     Debtor also failed to disclose certain income received in the months prior to the Petition, totaling $8,965.71 (the "Undisclosed Income.") Answer ¶ 19. Debtor defends this failure to disclose by minimizing its impact, arguing that since it is not enough to alter his ability to file a chapter 7 case, the non-disclosure itself should be ignored. He further argues that since he amended his schedules after the Undisclosed Income and Settlement Funds were discovered, his concealment is "cured" and need not have consequences. Debtor completely ignores the affirmative obligations imposed upon him when he comes to this Court and asks to be relieved of all his debts. Debtor's behavior exemplifies the kind of "cheating" that is altogether too attractive:  disclosing only certain assets and income, forcing creditors to dig through account statements to pair up deposits to reported income, then shrugging off the failure to be candid as mere oversight. Debtor is not entitled to the benefit of the discharge, because he has not conducted himself with the transparency required to merit that discharge.

**II.     Debtor's Discharge Should be Denied Pursuant to Count II - 11 U.S.C § 727(a)(3)**

12.     Section 727(a)(3) provides for the denial of a debtor's discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such failure to act was justified under all of the circumstances of the case[.]" 11 U.S.C. § 727(a)(3). *In re Murphy*, No. 18-71012, 2020 WL 6066002, at *15 (Bankr. C.D. Ill. Sept. 2, 2020)

13.     Section 727(a)(3) requires as a precondition to discharge that debtors produce records which provide creditors "with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Juzwiak,* 89 F.3d at 427. This statute "ensures that trustees and creditors will receive sufficient information to enable them to 'trace the debtor's financial history; to ascertain the debtor's financial condition; and to reconstruct the debtor's financial transactions. *Fink*, 351 B.R. at 522 (citing *Juzwiak,* 89 F.3d at 427-28).

14.     The court should not be required to speculate as to the financial history or condition of the debtor, nor should the court be compelled to reconstruct the debtor's affairs. *In re Fink*, 351 B.R. 511, 428 (Bankr. N.D. Ill. 2006).. Moreover, the burden is not on the creditor to reconstruct the debtor's financial affairs. *Id*. at 429. A debtor has an obligation to reveal, rather than conceal, his complete financial condition. *Id*. at 524. Further, a debtor has an affirmative duty to take reasonable precautions to maintain and preserve records of their financial transactions and affairs. *Id*. at 522.

15.     A creditor has the initial burden of proving that the debtor failed to keep adequate records. *Id.* A creditor is not required to prove intent, criminal, or quasi-criminal conduct in

proving debtor's failure to maintain adequate records. *Id*. Rather, a creditor need only prove

transfer or removal of assets, destruction or wasting of assets, or concealment of assets. *Id*.

16.     Once a creditor proves the debtor's records are inadequate, the burden shifts to the

debtor to justify the lack of adequate records.  *Id*.

17.     Debtor's discharge should be denied under 11 U.S.C § 727(a)(3) because Debtor

failed to create, maintain, and produce records relating to $39,810.83 in worker's compensation

checks and the $8,965.71 in undisclosed income.

18.     First, Debtor's failure to create, maintain, and produce records relating to the

worker's compensation checks have made it impossible for Nelson to ascertain Debtor's true

financial condition and track his finances with substantial completeness and accuracy.

19.     As outlined above, Debtor concealed the $39,810.82 in Settlement Funds as an

asset and even when he did disclose it in the Amended Schedules, he misidentified the recipient.

Debtor claims these were mere oversights, as if either temporarily forgetting his only brother's

name, or failing to review the draft amended schedules for accuracy, is a valid excuse for the

omissions.

20.     Debtor failed to uphold his obligation to reveal—rather than conceal—his

financial condition, which has forced this Court and Nelson to speculate as to his financial

history and condition. Debtor's inability to produce records and the reasons for the transfers

makes it impossible for Nelson or the Court to ascertain his true financial condition, including

any other undisclosed assets or transfers. Answer ¶ 42. Therefore, his discharge should be

denied.

21.     Separate from the concealed Settlement Funds, Debtor's discharge should be

denied under 11 U.S.C § 727(a)(3) because he failed to keep, maintain, and produce records

relating to additional undisclosed income amounting to $8,965.71 (the "Undisclosed Income").

22.     In his Schedules and Statement of Financial Affairs, Debtor disclosed no source of income other than Social Security, SNAO, and AABD. Answer ¶ 14. However, in July 2019, Debtor produced bank statements in response to Plaintiff's subpoena that reflect undisclosed income from an unknown source totaling $8,965.71 in deposits within the year prior to Debtor's Petition. Debtor's failure to produce records that accurately disclosed his income made it impossible for this Court and Plaintiff to ascertain Debtor's true financial condition, and his discharge should be denied. Answer ¶ 44, 45.

23.     Between the Settlement Funds and the Undisclosed Income, Debtor failed to disclose or produce records reflecting a minimum amount of $48,776.54. After considering the totality of the evidence, including Debtor's significant admissions in his Answer, Nelson has clearly satisfied her burden under § 727(a)(3) by a preponderance of the evidence, and Debtor has admitted that he has no explanation.  As a result of Debtor's conduct, this Court should deny Debtor's discharge.

### III.     Debtor's Discharge Should be Denied Pursuant to Count III - 11 U.S.C § 727(a)(4)

24.     Section 727(a)(4)(A) bars a debtor from receiving a discharge if he knowingly and fraudulently makes a false oath in connection with his bankruptcy case. 11 U.S.C. § 727(a)(4)(A). *Murphy*, No. 2020 WL 6066002, at *13. "The purpose of § 727(a)(4) is to ensure that the debtor provides dependable information to those who are interested in the administration of the bankruptcy estate." *Clean Cut Tree Serv., Inc. v. Costello (In re Costello)*, 299 B.R. 882, 899 (Bankr. N.D. Ill. 2003).

25.     A plaintiff seeking to deny a debtor's discharge under § 727(a)(4)(A) "must prove by a preponderance of evidence that: (1) the debtor made a statement under oath; (2) the

statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Stamat v. Neary*, 635 F.3d 974, 978 (7th Cir. 2011).

26.     A debtor's fraudulent intent can be established by showing either intentional misrepresentations or a reckless disregard for the truth. *Id.* at 982. Statements made by a debtor on the bankruptcy petition, schedules of assets and liabilities, or SOFA are all considered to be under oath for the purposes of § 727(a)(4)(A). *John Deere Co. v. Broholm (In re Broholm)*, 310 B.R. 864, 880 (Bankr. N.D. Ill. 2004).

27.     A fact is material if it relates to the debtor's financial dealings or the existence and disposition of the debtor's property. *Stamat*, 635 F.3d at 982.

28.     The same facts and circumstances which merit denial of discharge under 727(a)(2) and (a)(3) also support denial of discharge under 727(a)(4). Debtor's Schedules and SOFA were materially inaccurate when filed, his lukewarm attempts to amend were equally inaccurate, and in no way has the Debtor demonstrated the honesty and forthrightness required to merit discharge of all debts.

Dated: November 2, 2020                                    LINDA NELSON,


                                                          By: */s/ Caren A. Lederer*
                                                              One of her attorneys



Robert R. Benjamin (ARDC #0170429)
Caren A. Lederer (ARDC # 6244631)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Linda Nelson
70 West Madison, Suite 1500
Chicago, Illinois 60602
P: 312-263-2300
rrbenjamin@gct.law
calederer@gct.law