**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STEVEN ZARLING, | ) | Case No. 18-35437 |
| | ) | |
| Debtor. | ) | Hon. Judge: CLEARY |
| _____ | ) | |
| LINDA NELSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Case No. 19 AP 01009 |
| STEVEN D. ZARLING, | ) | |
| Defendant. | ) | |

### PRETRIAL BRIEF

Defendant Steven D. Zarling, by and through his attorney, Michael R. Colter, II, of David M. Siegel & Associates, LLC, respectfully submits his pretrial brief in accordance with this Court's Pre-Trial Order for Video Trial entered on September 25, 2020.

### STANDARD FOR DENIAL OF DISCHARGE UN 11 U.S.C § 727(a)

The Supreme Court has addressed this issue with respect to exceptions to discharge under 11 U.S.C. § 523(a). *Grogan v. Garner* (In re Garner), 498 U.S. 279 (1991). In *Grogan*, the Supreme Court held that exceptions to discharge are essentially a civil matter, and that the preponderance of the evidence represents a fair balance. Id. In so doing, the Supreme Court specifically referenced the legislative history to 11 U.S.C. § 727(a): "Most notably, Congress chose the preponderance standard to govern determinations under 11 U.S.C. § 727(a)(4)...." *Id*. at 289. The reasoning of the Supreme Court is equally applicable to denials of discharges under § 727(a): the debtor has no fundamental right to a discharge, and does not have a sufficient interest in a discharge to warrant a heightened standard of proof. *Id*. at 286.

### DENYING DEBTOR A DISCAHRGE UNDER 11 U.S.C. § 727(a)(2)

1

1. Section 727(a)(2) of Chapter 11 of the Bankruptcy Code provides that:

    a. The court shall grant the debtor a discharge, unless . . . (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

    (A) property of the debtor, within one year before the date of the filing of the petition; or

    (B) property of the estate, after the date of the filing of the petition;

    11 U.S.C. § 727(a)(2).

2. "Concealment ... includes preventing discovery, fraudulently transferring or withholding knowledge or information required by law to be made known." United States v. Turner, 725 F.2d 1154, 1157 (8th Cir.1984) cited by *In re Scott*, 172 F.3d 959, 967 (7th Cir. 1999).

3. Debtor in this case has made no attempt to behave in a manner that would show he intentionally tried hinder or delay a creditor or officer of the court. Quite the opposite, Debtor has made himself available for his § 341 Meeting, § 2004 Examination, and provided all the documents he possess to provide an accurate and complete picture of his financial affairs.

### **DENYING DEBTOR A DISCAHRGE UNDER 11 U.S.C. § 727(a)(3)**

1. Section 727(a)(3) of Chapter 11 of the Bankruptcy Code provides that:

    (a) The court shall grant the debtor a discharge, unless . . . (3) the debtor has concealed, destroyed, mutilated, falsified, or failed

>
> to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3).

2. The purpose of § 727(a)(3) is to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs. *In re Scott*, 172 F.3d 959, 969 (7th Cir. 1999) (citing *Cox v. Lansdowne (In re Cox)*, 904 F.2d 1399, 1401 (9th Cir. 1990) (quoting *In re Underhill*, 82 F.2d 258, 260 (2d Cir. 1936). While this provision is not meant to bar the ordinary debtor, a "sudden and large dissipation of assets," coupled with a lack of books and records will provide a basis for denial of a discharge under this section. *Id*. at 970.

3. "We have no doubt that the principal concern of § 727(a)(3) is debtors who destroy or hide their records. Moreover, most bankruptcies are consumer-type bankruptcies with no assets or business affairs to speak of, and, therefore, the complexity of their business transactions do not implicate § 727(a)(3)." *In re Scott*, 172 F.3d 959 at 971 (1999) (quoting *Matter of Juzwiak*, 89 F.3d 424, 428 (7th Cir. 1996). [W]here debtors are sophisticated in business, and carry on a business involving significant assets; creditors have an expectation of greater and better record keeping. *Id*.

4. The Bankruptcy Code does not require every debtor seeking a discharge to maintain a bank account, nor does it require an impeccable system of record keeping. *In re Fink*, 351 B.R. 511, 524 (Bankr. N.D. Ill. 2006).

5. Debtor in this case worked as a union drywall taper prior to the injuries he sustained which have prevented him from working. These injuries lead to Debtor receiving a worker's compensation settlement which is referred to herein as Funds. Debtor provided Plaintiff with copies of the worker's compensation checks and a deposit slip. The settlement and the bank deposit slip reflect a complete picture of the financial history of the Funds and the destination of the Funds. The Debtor in this case is very similar to the common consumer-type bankruptcy with no business affairs to speak of mentioned in *Scott*, and § 727(a)(3) should not be used to deny him a discharge. *In re Scott*, at 970.

6. Debtor's actions show his intent is to cooperate with the proceedings and to comply with the bankruptcy code.

### **DENYING DEBTOR A DISCAHRGE UNDER 11 U.S.C. § 727(a)(4)**

1. The court shall grant the debtor a discharge, unless . . . (4) the debtor knowingly and fraudulently, in or in connection with the case—

    (A) made a false oath or account;

    (B) presented or used a false claim;

    (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

    (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

2. A plaintiff seeking to deny a debtor's discharge under § 727(a)(4)(A) "must prove by a preponderance of evidence that: (1) the debtor made a statement under oath; (2) the

4

statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Stamat v. Neary*, 635 F.3d 974, 978 (7th Cir. 2011).

3. Debtor provided accurate and truthful testimony at his § 341 Meeting of Creditors and § 2004. Furthermore, Debtor has complied with discovery requests. The Plaintiff will be unable to show the Debtor committed all the above elements.

    Respectfully Submitted,

    /s/Michael R. Colter, II
    Michael R. Colter, II, A.R.D.C. #6304675
    Attorney for the Defendant

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100