UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-35437 |
| STEVEN D. ZARLING, | ) | |
| | ) | |
| Debtor | ) | Honorable David D. Cleary |
| | ) | |
| LINDA NELSON, | ) | |
| | ) | Chapter 7 |
| Plaintiff | ) | |
| | ) | Adversary No. 19-01009 |
| v. | ) | |
| STEVEN D. ZARLING, | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF MOTION

To:   Robert R. Benjamin, Caren A. Lederer, Golan Christie Taglia LLP
      70 West Washington Street, Suite 1500, Chicago, IL 60602
      rrbenjamin@gct.law & calederer@gct.law
      Michael R. Colter, II, David M. Siegel & Associates 790 Chaddick Drive, Wheeling, IL 60090; mcolter@davidmsiegel.com

**PLEASE TAKE NOTICE** that on the 18th day of November, 2020, at 1:00 p.m., I will appear before the Honorable David D. Cleary, or any other Bankruptcy Judge who may be presiding in said Judge's place and stead, and will present the **Motion of Gary Zarling to Quash Subpoena**, a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 122 6457** and the passcode is Cleary644. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Joel A. Schechter

Joel A. Schechter
Attorney No. 3122099
53 W. Jackson Blvd., Suite 1522
Chicago, Illinois 60604
(312) 332-0267
joel@jasbklaw.com

## CERTIFICATE OF SERVICE

The undersigned being first duly sworn on oath deposes and says that he served the above and foregoing notice and attached motion to quash subpoena on the parties referenced above via the Court's CM/ECF System, as indicated, on the 17th day of November, 2020, before the hour of 6:00 p.m. from 53 W. Jackson Blvd., Chicago, Illinois 60604.

/s/ Joel A. Schechter

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 18-35437 |
| STEVEN D. ZARLING, ) | |
| ) | |
| Debtor ) | Honorable David D. Cleary |
| ) | |
| LINDA NELSON, ) | |
| ) | Chapter 7 |
| Plaintiff ) | |
| ) | Adversary No. 19-01009 |
| v. ) | |
| STEVEN D. ZARLING, ) | |
| ) | |
| Defendant ) | |

**MOTION OF GARY ZARLING TO QUASH SUBPOENA TO TESTIFY AT TRIAL**

NOW COMES Gary Zarling ("Gary") by and through his attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 45 of the Federal Rules of Civil Procedure ("FRCP") moves the Court for the entry of an order quashing the subpoena served on Gary to appear and testify at trial and in support thereof, states as follows:

**INTRODUCTION**

This is the motion of Gary to quash the subpoena served on him by counsel for the Plaintiff, Linda Nelson ("Plaintiff") to appear and testify at the trial set for November 18, 2020, at 1:00 p.m.

**BACKGROUND**

1. On December 26, 2018, the Debtor, Steven D. Zarling ("Debtor") filed a voluntary petition pursuant to Chapter 7 of Title 11, U.S.C.

2. On or about November 15, 2019, Plaintiff filed her adversary proceeding objecting to the Debtor's discharge ("Complaint").

3. The Complaint has been set for trial on November 18, 2020, at 1:00 p.m. to be conducted using Zoom for Government videoconferencing.

4. In addition to the Complaint pending before this Court, counsel for Plaintiff is counsel for Richard J. Mason, Trustee ("Trustee"), in connection with an adversary proceeding ("Adversary") filed on September 25, 2019, against Gary, Case No. 19-00947. The gist of that Adversary is to recover from Gary alleged preferential transfers and/or fraudulent conveyances made by the Debtor. Discovery is ongoing in connection with the Adversary.

5. On Monday, November 16, 2020, just two (2) days before the trial, Plaintiff's counsel caused a Subpoena to Appear and Testify at Trial ("Subpoena") to be served on Gary by registered mail. A copy of the Subpoena is attached hereto as Exhibit A and made a part hereof.

## SERVICE IMPROPER

6. FRBP 9016 makes FRCP 45 applicable to bankruptcy cases.

7. FRCP 45(b)(1) requires the Subpoena to be served by a person who is at least 18 years of age and not a party to the proceeding. Further, the service of the Subpoena requires delivering a copy to the named person and if an appearance is required the Subpoena is to be accompanied by an attendance fee and mileage as allowed by law.

8. The Subpoena was not accompanied by a fee for attendance and mileage as allowed by law.

## GARY'S TESTIMONY WOULD BE DUPLICATIVE

9. On October 21, 2020, Plaintiff filed her list of witnesses in connection with the trial of the Complaint.

2

10. Plaintiff listed the Debtor as a witness who **will** be called to testify and listed Gary as a witness who **may** be called to testify.

11. Central to the Complaint are allegations that the Debtor failed to create, maintain and produce records relating to proceeds received from a workers' compensation settlement ("Proceeds").

12. The alleged transfer of the Proceeds is central to the Trustee's Adversary.

13. Testimony about the receipt and disposition of the Proceeds can be elicited by Plaintiff's interrogation of the Debtor and any testimony by Gary would be duplicative.

## INTERROGATON OF GARY WITHOUT COUNSEL WOULD BE TANTAMOUNT TO A DEPOSITION WITHOUT COUNSEL

14. As stated herein, the testimony Plaintiff's counsel would like to elicit at trial and as noted in the list of witnesses is the receipt by Gary of the Proceeds and the use of those Proceeds.

15. This is the same testimony that would be elicited by the Trustee in connection with his Adversary.

16. To allow Plaintiff's counsel to interrogate Gary without his counsel present for the trial would be akin to taking a deposition in connection with the Adversary without the necessary preparation and participation by Gary's counsel.

3

WHEREFORE, for the reasons stated herein, Gary Zarling prays the Honorable Court enter an order quashing the Subpoena and for such other and further relief the Court may deem just and proper.

Gary Zarling, Interested Party

By:/s/ Joel A. Schechter
His Attorney

Joel A. Schechter
Attorney No. 3122099
Law Offices of Joel A. Schechter
53 West Jackson Blvd.
Suite 1522
Chicago, IL 60604
312-332-0267
joel@jasbklaw.com

4