EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois Eastern Division

In re STEVEN D. ZARLING
           Debtor

Case No. 18-bk-35437

*(Complete if issued in an adversary proceeding)*

LINDA NELSON

Chapter 7

           Plaintiff

STEVEN D. ZARLING

Adv. Proc. No. 19-ap-01009

           Defendant

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Gary Zarling, 1617 Greenwood Ave., Hanover Park, Illinois 60133

*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE | COURTROOM |
|---|---|
| The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order. | DATE AND TIME<br>November 18, 2020 at 1:00 p.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/12/2020

CLERK OF COURT

OR

_____         /s/ Caren A. Lederer
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Linda Nelson, who issues or requests this subpoena, are:

Caren A. Lederer, calederer@gct.law; (312) 696-1359
Golan Christie Taglia, LLP, 70 W. Madison St., Ste. 1500, Chicago, IL 60602

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

Case 19-01009   Doc 55-1   Filed 11/17/20   Entered 11/17/20 17:57:16   Desc Exhibit
Page 3 of 10

# PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| STEVEN D. ZARLING, | ) ) ) | Case No. 18 B 35437 |
| Debtor. | ) ) | Chapter 7 |
| | ) | |
| LINDA NELSON, | ) ) | |
| Plaintiff, | ) ) | Adv. No. 19 A 1009 |
| v. | ) ) | |
| STEVEN D. ZARLING, | ) ) | Judge David D. Cleary |
| Defendant. | ) ) | |

**PRETRIAL ORDER FOR VIDEO TRIAL**

This matter is set for trial on November 18, 2020, at 1:00 p.m. In accordance with General Order No. 20-05, the trial will be held remotely by videoconference using the Zoom for Government videoconferencing platform. No participants will be physically present in the courtroom. The COVID-19 public health emergency constitutes good cause in compelling circumstances for holding the trial remotely by conference. Zoom for Government and this Order provide appropriate safeguards.

At the court's discretion, the trial will continue from day to day until completed. Unless modified by the court, the provisions of this Order will govern the course of proceedings:

**1. Participation by Video.**

    **a. Connecting to Zoom.** Before the final pre-trial hearing, the technical pre-trial conference and the trial, chambers staff will provide a link or URL (internet address) that

1

will allow participation in the trial. To participate, an attorney or witness must click on the link (paste the URL into the computer's browser and hit "Enter") and then follow the instructions.

**b. Required Equipment.** Zoom permits access to the video portion via computer and access to the audio portion via either computer or telephone.

**i. Video.** To use the video portion of Zoom, each attorney and witness must have a computer equipped with: (a) a camera capable of sending and receiving video using Zoom; (b) Internet browsing software that will accommodate Zoom; (c) a stable Internet connection and bandwidth sufficient to support Zoom; and (d) Adobe Acrobat Reader for the purpose of reviewing exhibits. It is not necessary to download and install Zoom software.

**ii. Audio.** To use the audio portion of Zoom, each attorney must have *either* (a) a computer equipped with a microphone and speakers *or* (b) a telephone. If the telephone is a cellular phone, the attorney or witness must be in a location with service adequate to provide clear audio.

**c. Witness Testimony.** All witnesses will be placed under oath, and their testimony will have the same effect as if they were testifying in open court. Each witness must testify from a quiet room. Witnesses must situate themselves so that other participants can see them, and the witnesses can see the video. While a witness is under oath and testifying, no person may be in the same room, the witness may have no documents in the room except exhibits the parties have submitted, and the witness may not communicate in any fashion with anyone other than the questioning attorney and the judge.

**d. Subpoenas to Third-Party Witnesses.** Each subpoena to a third-party witness must state the following in the box for the "Place" to appear: "The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order." A copy

2

of the Pretrial Order must be attached to the subpoena and served on the witness.

**2. Final Pre-Trial Hearing and Technical Pre-Trial Conference.** On November 4, 2020, at 11:00 a.m., the court will hold a final pre-trial hearing for the court and attorneys to discuss pre-trial submissions and issues to be heard at trial. On November 4, 2020, at 11:30 a.m., the court will hold a technical pre-trial conference to test the video technology. All attorneys, parties and witnesses (except third-party witnesses) must participate in the technical pre-trial conference. All participants are admonished not to discuss the substance of the trial at this technical pre-trial conference and instead limit their comments to the functioning of the video technology and related procedural matters.

**3. Exhibits and Exhibit Lists.**

**a. Exhibits.** On or before October 21, 2020, each party must file with the court, provide to each other, and provide to each witness a copy of each exhibit the party may use at trial for any purpose. Each party must file a declaration or certification that exhibits were filed and provided as required. Each exhibit must be provided electronically as a separate pdf (Adobe Acrobat) file, except that two paper courtesy copies must be delivered to the court on or before that date. Attorneys are responsible for ensuring that each pdf file can be opened successfully. Each exhibit must be clearly and sequentially numbered in the order of its probable presentation at trial. Each document must have a separate exhibit number.

**b. Exhibit Lists.** Each party must also file on the due date and provide to each other a list of the party's exhibits.

**c. Objections.** On or before October 28, 2020, each party must file and serve a list stating as to each exhibit whether there is an objection to the exhibit's admission. Relevance objections need not be listed and are reserved for trial. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived. Any listed exhibits as to which no objection is filed will be admitted into evidence at the outset of the hearing.

**4. Witnesses and Witness Lists.** On or before October 21, 2020, each party must file with the court and provide to each other a list of all witnesses the party intends to call at trial. The list must be divided into two categories: (a) witness who *will* be called to testify, and (b) witnesses who *may* be called to testify. For each witness, the list must provide the witness's name, email address, and telephone number (in case of an interruption in the video or audio portion of the trial) as well as a brief description of the subject matter of the witness's testimony.

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each proposed expert's testimony and the expert's report must be provided.

**5. Joint Pretrial Statement and Brief.**

    **a. Statement.** On or before November 2, 2020, the parties must file a joint pretrial statement. Counsel for Plaintiff shall initiate the process of preparing the statement. Counsel who will try the case and who are authorized to make binding stipulations must confer, prepare and file a signed written pretrial statement. The joint pretrial statement must contain the following:

        i. A brief statement of the nature of the case, including relevant sections of the Bankruptcy Code;

        ii. The uncontested material facts;

        iii. Each party's positions regarding the disputed factual issues to be determined. Each party must state whether it contends that the statement is accurate, material and relevant, and why;

        iv. Agreed material issues of law;

        v. A separate statement by each party of disputed material issues of law;

vi. A list of each party's trial witnesses and a summary of the substance of the witnesses' testimony. Witnesses who are not properly listed, including impeachment witnesses, may not be called at the trial other than for good cause shown. The content of this section shall be identical in substance to the content required by Paragraph 4 of this order. For each witness, opposing parties must set forth, immediately following the summary of the testimony, the legal basis for any objection to the witness testifying; and

vii. A list of each party's trial exhibits, and a brief description of the exhibit. For each exhibit, the opposing parties must set forth, immediately following the exhibit description, the legal basis for any objection to the exhibit. The content of this section shall be identical in substance to the content required by Paragraph 3 of this order.

**b. Pretrial Brief.** On or before November 2, 2020, each party shall file a pretrial brief. Each pretrial brief must contain a short statement that sets forth the burden of proof and the elements of each claim and each defense, with citations to statutes and cases.

**6. Motions in Limine.** On or before November 2, 2020, each party shall file and serve motions in limine, if any. Such motions shall be noticed for the trial date and time. Any responses to motions in limine must be filed on or before November 16, 2020.

**7. Courtroom Formalities.** Though held remotely by videoconference, the trial constitutes a judicial proceeding. No one except the assigned court reporter or another person that the court directs may record the audio or video of the trial. Formalities of a courtroom will be observed. Participants must dress appropriately and must conduct themselves in a suitable manner.

**8. Failure to comply.** The court may, inter alia, exclude evidence, bar witnesses, postpone the hearing, impose sanctions or enter judgment for failure to comply with any provision of this order.

ENTERED:

SMB

Date: September 25, 2020

_____
DAVID D. CLEARY
United States Bankruptcy Judge